UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOE HAND PROMOTIONS, INC.,

      Plaintiff,

  v.                                              16-CV-858
                                                  DECISION AND ORDER
SIDE POCKET BILLIARDS, LLC,
d/b/a The Q
a/k/ The Q Sports Bar; and

JUSTIN LINDELL

      Defendants.

---

On October 27, 2016, the plaintiff, Joe Hand Promotions, Inc. ("Joe Hand") brought this action under 47 U.S.C. §§ 553 and 605, alleging that the defendants unlawfully exhibited an "Ultimate Fighting Championship" match in violation of Joe Hand's exclusive distribution rights to the program. Docket Item 1. On January 31, 2017, the defendants answered, Docket Item 5, and on February 17, 2017, Joe Hand filed a motion to strike affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure, Docket Item 9. The defendants did not respond to Joe Hand's motion, and on April 11, 2019, this Court ordered the defendants to show cause why Joe Hand's motion should not be granted by default because they failed to comply with the requirements of Local Rule 7(a)(2)(A). Docket Item 10. When the defendants did not respond, this Court granted Joe Hand's motion by default, Docket Item 11, and that same day, Joe Hand moved for attorneys' fees, Docket Item 12.

In his motion, counsel for Joe Hand submits that he spent 1.8 hours researching, preparing, and filing the motion to strike affirmative defenses, and he seeks $630.00 in attorneys' fees in connection with the motion. Docket Item 12 at 2. He asks that the defendants be required to reimburse him within fourteen days of entry of an order. *Id*.

## DISCUSSION

Joe Hand does not identify any legal authority in support of his motion. Because its claims are brought under 47 U.S.C. § 553 and § 605, and because those statutes address attorneys' fees, this Court analyzes its motion under the provisions in those statutes. Section 553(c)(2)(C) provides that "[t]he court may . . . direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." And § 605(e)(3)(B)(iii) provides that "[t]he court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Although § 553 provides courts with the discretion to award fees and § 605 requires courts to do so, *see Charter Commc'ns Entm't, LLC v. Burdulis*, 367 F. Supp. 2d 16, 20 (D. Mass. 2005), under both statutes, the "aggrieved party" must "prevail" to obtain an attorney fee award. §§ 553(c)(2)(C), 605(e)(3)(B)(iii). "[T]o qualify as a prevailing party, a . . . plaintiff must obtain at least some relief on the merits of his claim." *Cf. Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (interpreting similarly-worded statute). "The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought . . . or comparable relief through a consent decree or settlement." *Id*. (internal citations omitted).

In this case, although Joe Hand's motion to strike affirmative defenses was granted by default, Joe Hand has not "obtain[ed] an enforceable judgment against the

2

defendant from whom fees are sought . . . or comparable relief through a consent decree or settlement."  Id.; cf. Parallel Iron LLC v. NetApp, Inc, 84 F. Supp. 3d 352, 355 (D. Del. 2015) ("The Court did not grant fees under [35 U.S.C.] § 285 because Defendant was not a 'prevailing party,' since the suit was resolved by way of a license agreement and not a decision on the merits.").  Therefore, Joe Hand's motion for attorney fees, Docket Item 12, is denied without prejudice.

      SO ORDERED.

Dated:     July 15, 2019
             Buffalo, New York

                                            *s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE